IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DIAB ALIA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-0761-L** |
| | § | |
| **ALBERTO GONZALES, Attorney** | § | |
| **General of the United States, et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss (the "Motion"), filed on June 26, 2007, by Alberto Gonzales, Michael Chertoff, Angela Barrow, and Emilio Gonzales (collectively "Defendants"). After careful consideration of the motion, response, record, and applicable law, the court **grants** Defendants' Motion to Dismiss for the reasons herein stated.

**I.    BACKGROUND**

Diab Alia ("Plaintiff"), a native and citizen of Jordan, filed a Complaint for Writ of Mandamus (the "Complaint") on April 30, 2007. Plaintiff has been a permanent resident in the United States since February 25, 1999, and applied for citizenship in the United States on or about September 16, 2004. Compl. ¶¶ 7-8. At his citizenship interview on February 8, 2005, Plaintiff was given an N-14 form, which asked for more evidence about Plaintiff's criminal history. *Id*. ¶ 2. Plaintiff submitted the requested evidence and passed the requisite English-proficiency and civics exams, but did not receive a decision on his naturalization application. *Id*. In his Complaint, Plaintiff requests the court to compel Defendants and those acting under them to adjudicate his naturalization application. *Id*.

**Memorandum Opinion and Order – Page 1**

On May 15, 2007, after the Complaint was filed, Plaintiff's citizenship application was denied. Mot. Ex. A. Defendants now move to dismiss the Complaint because the denial of Plaintiff's application moots his claims. Plaintiff does not dispute that a determination has been made on his application, but contends that Defendants wrongfully denied his application for the purpose of having the Complaint denied as moot. Plaintiff also suggests that granting Defendants' Motion might encourage them to deny all such applications for the same purpose.

## II. DISCUSSION

As a general rule, a case is moot in the absence of a "live" controversy or when the parties have no "legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). There are, however, exceptions to this general rule for cases that are capable of repetition yet evading review:

> [I]n the absence of a class action, the "capable of repetition, yet evading review" doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. . . . The Court has never held that a mere physical or theoretical possibility was sufficient to satisfy the test. . . . [T]here must be a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party.

*Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (internal citations omitted). Plaintiff complains only of Defendants' failure to make a determination on his citizenship application. Thus, the only relief Plaintiff requests of the court is to compel the Defendants to adjudicate Plaintiff's application. Since Defendants have already made a determination on his application, there is no longer a live controversy on which this court can rule.

The court now turns to whether the exception is applicable in this case, that is, whether Plaintiff's situation is capable of repetition yet evading review. Since this is not a class action suit, the court must apply the two elements set forth in *Murphy*: (1) the complained-of action was too short in duration to be litigated before its expiration, and (2) there is a reasonable expectation that Plaintiff will be subjected to the action again. 455 U.S. at 482. The Complaint cannot survive the first element because the basis of the whole action is that the duration of the complained-of action was too long; in other words, Defendants' delayed performance is precisely the action of which Plaintiff complains. Plaintiff has already initiated an administrative appeals process that will likely result in the final determination of his citizenship application; therefore, Plaintiff is not likely to be subjected to the delay in the processing of another citizenship application as required by the second element. In the event that Plaintiff does not succeed after the administrative appeal, there is a possibility that he will apply for naturalization once again; however, a mere theoretical possibility that Plaintiff will go through this situation again is not enough to create a controversy for the court to rule on today. *See Murphy*, 455 U.S. at 482. Accordingly, the court concludes that Defendants' determination of Plaintiff's application makes moot Plaintiff's Complaint, and therefore no live case or controversy exists.

Plaintiff contends that granting Defendants' Motion might encourage them to wrongfully deny similar applications in order to avoid other litigation. The court determines that this is merely a theoretical possibility. Plaintiff's suggestion is premised upon an entirely hypothetical future case that assumes deliberate and wrongful actions by Defendants. In any event, this is not a class-action suit; to have the "capable of repetition, yet evading review" doctrine apply in this case, Plaintiff

must show that Defendants' wrongful actions are capable of repetition with respect to his situation. At best he has only shown an nonexistent situation that theoretically could exist at some future time.

## III. CONCLUSION

For the foregoing reasons, as Defendants have denied Plaintiff's application, the court determines that there is no live case or controversy. Accordingly, the court **grants** Defendants' Motion to Dismiss and **dismisses without prejudice** Plaintiff's Complaint for Writ of Mandamus.

**It is so ordered** this 15th day of August, 2007.

*signature*
Sam A. Lindsay
United States District Judge